IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HOUK AIR CONDITIONING INC DBA HOUK AIR CONDITIONING, 833 STREET LLC DBA HOUK AIR CONDITIONING<br><br>*PLAINTIFF*,<br><br>V.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>*DEFENDANTS*. | § § § § § § § § § § § § § CIVIL ACTION NO. 4:23-CV-00188 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Houk Air Conditioning Inc., ("Plaintiff"), and files ***Plaintiff's First Amended Complaint***, complaining of The Cincinnati Insurance Company ("The Cincinnati Insurance Company") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Houk Air Conditioning Inc. resides in Tarrant County, Texas.

2. Defendant, The Cincinnati Insurance Company is a foreign insurance company engaged in the business of insurance in the State of Texas. The Cincinnati Insurance Company is properly before this Court.

### JURISDICTION AND VENUE

3. This Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of The Cincinnati Insurance Company's business activities in the state,

including those in Tarrant County, Texas, with reference to this specific case.

4. Subject matter jurisdiction is founded upon 28 U.S.C. § 1332 which gives district courts diversity jurisdiction over civil actions arising under state law, between citizens of different States, and alleging damages of more than $75,000.00 exclusive of interest and costs.

5. The events giving rise to this lawsuit occurred in Tarrant County, Texas, which sits in the Houston Division of the Southern District of Texas.

6. The Cincinnati Insurance Company removed this case from the 141st Judicial District Court, Tarrant County, Texas to the Houston Division of the Southern District of Texas on February 23, 2023.

## NOTICE AND CONDITIONS PRECEDENT

7. Plaintiffs have provided Texas statutory notice of the claim to Defendant in this Complaint and said notice was provided to Defendant more than sixty days prior to this Complaint being filed.

8. All conditions precedent necessary to maintain a claim under the insurance policy in question has been performed, occurred, or have been waived by Defendant.

## FACTS

9. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA, fraud, negligence and gross negligence.

10. Plaintiff owns an The Cincinnati Insurance Company Vehicle Property Insurance Company insurance policy number EPP 011 22 38 / EBA 011 22 38 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at **833 111th Street, Arlington, Texas 76011-7618**("the Property").

11. The Cincinnati Insurance Company Vehicle Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff. The Cincinnati Insurance Company Vehicle Property Insurance Company represented to Plaintiff that the Policy included hail and windstorm on or about February 15, 2021, the Property sustained extensive damage resulting from a severe storm that passed through the Tarrant County, Texas area.

12. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to The Cincinnati Insurance Company against the Policy for damage to the Property. The Cincinnati Insurance Company assigned claim number 3839008 to Plaintiff's claim.

13. Plaintiff asked The Cincinnati Insurance Company to cover the cost of damage to the Property pursuant to the Policy.

14. The Cincinnati Insurance Company hired or assigned its agent, George E. Bahls II (Bahls II) Bahls II, to inspect and adjust the claim. , to inspect and adjust the claim. Bahls II conducted an inspection, alongside the third-party engineering firm BSC Forensics, on or about January 18, 2022, according to the information contained both the denial letter and BSC's report. Bahls II's findings generated an estimate of damages totaling $0.00. After application of depreciation and $2,500.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of his claim.

15. The Cincinnati Insurance Company, through its agent, Bahls II, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Cincinnati Insurance, through its agent, Bahls II, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

17. Cincinnati Insurance and Bahls II have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Bahls II found no freeze-related damage. The third-party inspectors hired by Plaintiff to review the damage to the Property found obvious freeze-related damage to the property including the built-up roofing system with glass mat gypsum and HVAC systems.

18. The freeze-related damage to Plaintiff's Property is currently estimated at $752,621.93.

19. Bahls II had a vested interest in undervaluing the claims assigned to him by The Cincinnati Insurance Company in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Bahls II.

20. Furthermore, Bahls II was aware of Plaintiff's deductible prior to inspecting the Property. Bahls II had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

21. Bahls II misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Bahls II made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

22. After reviewing Plaintiff's Policy, Bahls II misrepresented that the damage was caused by non-covered perils. Bahls II used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

23. As stated above, The Cincinnati Insurance Company and Bahls II improperly and unreasonably adjusted Plaintiff's claim. Without limitation, The Cincinnati Insurance

Company and Bahls II misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

24. The Cincinnati Insurance Company and Bahls II made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. The Cincinnati Insurance Company and Bahls II made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Bahls II.

25. Plaintiff relied on The Cincinnati Insurance Company and Bahls II's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

26. Upon receipt of the inspection and estimate reports from Bahls II, The Cincinnati Insurance Company failed to assess the claim thoroughly. Based upon Bahls II's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, The Cincinnati Insurance Company failed to provide coverage due under the Policy, and Plaintiff suffered damages.

27. Because The Cincinnati Insurance Company and Bahls II failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

28. Furthermore, The Cincinnati Insurance Company and Bahls II failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Bahls II performed an unreasonable and substandard inspection that allowed The Cincinnati

Insurance Company to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

29. The Cincinnati Insurance Company's and Bahls II's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

30. The Cincinnati Insurance Company's and Bahls II's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). The Cincinnati Insurance Company and Bahls II have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, The Cincinnati Insurance Company and Bahls II have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

31. The Cincinnati Insurance Company's and Bahls II's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). The Cincinnati Insurance Company and Bahls II failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

32. Additionally, after The Cincinnati Insurance Company received statutory demand on or about November 16, 2022, The Cincinnati Insurance Company has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered

under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

33. The Cincinnati Insurance Company's and Bahls II's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Bahls II performed a biased and intentionally substandard inspection designed to allow The Cincinnati Insurance Company to refuse to provide full coverage to Plaintiff under the Policy.

34. Specifically, The Cincinnati Insurance Company and Bahls II performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

35. The Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Bahls II subpar inspection, The Cincinnati Insurance Company failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

36. The Cincinnati Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Bahls II's intentional undervaluation of Plaintiff's claims, The Cincinnati Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Bahls II's understatement of the damage to the Property caused The Cincinnati Insurance Company to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

37. The Cincinnati Insurance Company and Bahls II's wrongful acts and omissions have forced

Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## THE CINCINNATI INSURANCE COMPANY

38. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

39. The Cincinnati Insurance Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between The Cincinnati Insurance Company and Plaintiff.

40. The Cincinnati Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of The Cincinnati Insurance Company's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

41. The Cincinnati Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

42. The Cincinnati Insurance Company's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

43. The Cincinnati Insurance Company's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though The Cincinnati Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

44. The Cincinnati Insurance Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

45. The Cincinnati Insurance Company's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46. The Cincinnati Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

47. The Cincinnati Insurance Company's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

48. The Cincinnati Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

49. The Cincinnati Insurance Company's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though The Cincinnati Insurance Company knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

50. The Cincinnati Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by The Cincinnati Insurance Company pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against The Cincinnati Insurance Company. Specifically, The Cincinnati Insurance Company's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, The Cincinnati Insurance Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. The Cincinnati Insurance Company's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. The Cincinnati Insurance Company represented to Plaintiff that the Policy and The Cincinnati Insurance Company's adjusting agent and investigative services had

        characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

    C.    The Cincinnati Insurance Company represented to Plaintiff that The Cincinnati Insurance Company's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

    D.    The Cincinnati Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

    E.    The Cincinnati Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

    F.    The Cincinnati Insurance Company's actions are unconscionable in that The Cincinnati Insurance Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. The Cincinnati Insurance Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

    G.    The Cincinnati Insurance Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51.    Each of the above-described acts, omissions, and failures of The Cincinnati Insurance Company is a producing cause of Plaintiff's damages. All of The Cincinnati Insurance

Company's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

52. Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

53. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

54. Since the claim was made, The Cincinnati Insurance Company has not properly compensated Plaintiff as The Cincinnati Insurance Company has previously agreed to in the settlement agreement. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

55. Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

56. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and

conduct of Defendant have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

57. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

58. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

59. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus the per annum interest penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

60. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money The Cincinnati Insurance Company owed, and exemplary damages.

61. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery

        of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

62. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

63. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in the Houston Division of the Southern District of Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that upon trial hereof, Plaintiff, Houk Air Conditioning Inc . has and recovers from Defendant, The Cincinnati Insurance Company such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Houk Air Conditioning Inc . may show he is justly entitled.

                                                                          Respectfully submitted,

                                        By: /s/ *Chad T. Wilson*

                                              Chad T. Wilson  
                                              Bar No. 24079587  
                                              Amanda J. Fulton  
                                              Bar No. 24077283  
                                              CHAD T. WILSON LAW FIRM PLLC  
                                              455 E Medical Center Blvd, Ste 555  
                                              Webster, Texas 77598  
                                              Telephone: (832) 415-1432  
                                              **cwilson@cwilsonlaw.com**  
                                              **afulton@cwilsonlaw.com**

                                              ATTORNEYS FOR PLAINTIFF